IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CR-98-F-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING TRIAL** |
| | ) | |
| BRADLEY CAMPBELL, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for a hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a detective with the Harnett County Sheriff's office. Defendant presented the testimony of the proposed third-party custodian, his mother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required or the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in a three-count indictment on 27 May 2014 with: hostage-taking in violation of 18 U.S.C. § 1203 (ct. 1); using and carrying a firearm during and in relation to a crime of violence and possessing said firearm, which was discharged, in furtherance of said crime of violence in violation of 18 U.S.C. § 924(c) (ct. 2); and possession of a firearm and

ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924 (ct. 3). The alleged offense date in each count is 17 January 2014.

The evidence presented at the hearing showed that on the night of 16 January 2014 defendant (age 23) assaulted his girlfriend while at her home. The girlfriend fled to a neighbor, and defendant left the scene. The girlfriend later returned to her home with two male friends for protection. An infant and two other minor children were also present in the home.

In the early morning hours of 17 January 2014, defendant came back. He shot one of the two male friends as he forced his way into the home. The girlfriend, the infant, and the other male were able to flee, but the two other children, one of them fathered by defendant, remained in the home. There ensued a standoff lasting more than four hours in which defendant threatened to kill the hostages if marijuana was not brought to him. He shot the male in the home an additional two times. Defendant eventually released the hostages. He subsequently went to his car armed with a pistol, where he smoked a cigarette. He then attempted to flee in the car, but officers blocked his path with their cars, and he was taken into custody.

Evidence of the foregoing facts includes statements from the girlfriend and the two males, eyewitness accounts of officers on the scene, and recovery of the firearm subject to the indictment. Defendant had previously been convicted of felony offenses, and he was on state probation at the time.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required

2

include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related and violent nature of the offenses charged; the circumstances of the offenses charged, including their relative recency, defendant's shooting of a person multiple times, his taking of hostages (including minor children), his threats to kill the hostages, his demand for illicit drugs, and his commission of the alleged offenses while on state probation; defendant's criminal record, including 3 felony convictions (for assault with a deadly weapon on a government official in October 2011, eluding arrest with a motor vehicle in October 2011, and burning of a dwelling in April 2013), 7 misdemeanor convictions, probation revocations in multiple cases, and commission of multiple offenses while on probation; the danger of continued violent offense conduct by defendant if released; defendant's longstanding polysubstance abuse and mental health problems; the unsuitability of the proposed third-party custodial arrangements due to, among other considerations, the extent of the risk of danger and flight presented by defendant, the failure of defendant to follow the proposed custodian's rules when she was previously supervising him, and the presence of a minor in the proposed custodial home; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention strongly outweigh such evidence.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an

3

Case 5:14-cr-00098-F   Document 26   Filed 07/15/14   Page 3 of 4

attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 15th day of July 2014.

_____
James E. Gates
United States Magistrate Judge