# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION

No. 5:14-CR-98-F-1

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| BRADLEY CAMPBELL | ) |

This matter is before the court on Defendant Bradley Campbell's Motion to Dismiss [DE-41], which specifically attacks Counts One and Two of the superseding indictment. The issues have been fully briefed and the matter is now ripe for ruling. For the reasons stated herein, Campbell's motion is DISMISSED in part and DENIED in part.

## RELEVANT BACKGROUND

Campbell was originally charged in a three-count indictment on May 27, 2014. *See* Indictment [DE-1]. A superseding indictment later followed. *See* Superseding Indictment [DE-34]. In Count One of the superseding indictment, Campbell is charged with kidnapping, in violation of 18 U.S.C. § 1201(a)(1). *Id.* at 1. In Count Two, he is charged with using and carrying a firearm during, in relation to, and in furtherance of a crime of violence in which the firearm was discharged, in violation of 18 U.S.C. § 924(c)(1)(A). *Id.* at 1-2. And in Count Three, he is charged with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924. *Id.* at 2.

Arraignment is currently scheduled for the court's January 26, 2014 term. Campbell has now moved to dismiss Counts One and Two of the superseding indictment pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure.

## DISCUSSION

A motion to dismiss an indictment under Rule 12(b)(3) "tests whether the indictment sufficiently charges the offense set forth against the defendant." *United States v. Brandon*, 150 F. Supp. 2d 883, 884 (E.D.Va. 2001) (citing *United States v. Sampson*, 371 U.S. 75, 78-79 (1962)). To survive such a test, the "indictment need only contain 'a plain, concise and definite written statement of the essential facts constituting the offense charged.'" *Id.* (quoting Fed. R. Civ. P. 7(c)(1) (repealed 2007)). Generally, "if an indictment sets forth the essential elements of the offense in sufficient detail so as fairly to inform the defendant of the nature of the charge, then it is immune from attack on a motion to dismiss." *Id.* (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974)).

The Supreme Court has held that a pretrial motion to dismiss is "'capable of determination' if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *United States v. Covington*, 395 U.S. 57, 60 (1969). Put in other terms, where developing the facts *will* assist the court in determining the validity of a motion to dismiss, the court cannot determine the motion before trial.

In his motion to dismiss, Campbell argues that Count One of the superseding indictment should be dismissed because "the facts of his case involve a mere incidental use of an instrumentality of interstate commerce" and that applying the Kidnapping Act to the facts in his case is unconstitutional. *See* Mot. Dismiss [DE-41] at 6. Specifically, Campbell argues that his use of a cell phone and automobile were not sufficient to constitute use of instrumentalities of interstate commerce because (1) the police initiated the cell phone conversations, and those conversations only pertained to what the police could do and not to Campbell planning or carrying out the kidnapping; and (2) Campbell's use of his automobile occurred after he had

already completed the kidnapping. *Id.* at 10. Campbell also argues that Count Two must be dismissed because Count One is a predicate offense to Count Two. *See id.* at 11-12.

The government does not address the substance of Campbell's motion but instead argues that Campbell's motion is not properly before the court. *See* Government's Opposition to Motion to Dismiss [DE-43] at 3. More specifically, the government disagrees with the facts as portrayed in Campbell's motion and argues that the court "may not dismiss an indictment . . . on a determination of facts that should have been developed at trial." *Id.* at 4,6 (quoting *United States v. Engle*, 676 F.3d 405, 415 (4th Cir. 2012)). The court agrees.

Campbell does not attack the facial sufficiency of the superseding indictment, but instead argues that the underlying facts cannot support Count One the superseding indictment. However, the court cannot determine the correctness of Campbell's position without further development of the underlying facts, specifically Campbell's use of the cell phone and automobile. A trial is necessary for that purpose. *See Covington*, 395 U.S. at 60. Otherwise, the superseding indictment sets forth the essential elements of the offense, and Campbell is thoroughly informed of the charge as manifested in his motion to dismiss. *See Brandon*, 150 F. Supp. 2d at 884. Therefore, Campbell's motion is DISMISSED as to Count One of the superseding indictment.

Campbell's argument regarding dismissal of Count Two presupposes dismissal of Count One. Therefore, Campbell's motion is DENIED as to Count Two of the superseding indictment. As stated in the government's brief, if after a jury trial, Campbell believes that the evidence does not support "the interstate commerce element of the offense, [he] can file a motion for acquittal under Rule 29 of the Federal Rules of Criminal Procedure." *See* Gov't's Opp. Mot. Dismiss [DE-43] at 6 (quoting *United States v. Graves*, No. 1:13-cr-417-WSD-JSA, 2014 WL 2589428, at *5 (N.D.Ga. June 9, 2014)).

## CONCLUSION

For the reasons set forth above, Campbell's Motion to Dismiss [DE-41] is DISMISSED

in part and DENIED in part.

SO ORDERED.

This, the 3√ day of December, 2014.

James C. Fox
JAMES C. FOX
Senior United States District Judge